PIERCE, Judge.
Appellant Freddie Lee James appeals to this Court from an order denying a “Motion For An Order Granting Jail Time Credit”, entered on April 3, 1969, after he had pleaded guilty, was adjudged guilty, and was sentenced to the State Prison on July 10, 1968, upon an information filed against him in the Polk County Criminal Court of Record charging him with uttering and passing a forged instrument.
James asserted in his motion that he “was unable to post bail and was force [sic] to remain incarcereted [sic] until receiving his sentence” and that “denial of credit for time served, violates the ‘due process and equal protection’ clause of the 14th Amendment to the U.S. Constitution”.
The trial Judge denied the motion because jurisdiction of the trial Court had ceased after the judgment and sentence.
F.S. § 924.06 F.S.A. permits an appeal by the defendant only from (1) a final judgment of conviction without probation; (2) an order granting probation; (3) an order revoking probation, or (4) an excessive or illegal sentence. An appeal is also permitted under Rule 1.850 CrPR from an order entered upon a motion to vacate a void sentence.
The instant appeal would therefore be impermissible under either F.S. § 924.06 F.S.A. or CrPR 1.850, 33 F.S.A. aforesaid, so the appeal must be dismissed ex mero motu.
We might mention however, that the order sought to be appealed from is without error because under F.S. § 921.25 F.S.A. the sentence may be reduced by the Court imposing it, but only within 60 days after imposition. This, of course, would be within the sound discretion of the trial Judge. After 60 days, the trial Court is without further authority if the original sentence was legal, which in the instant case was unchallenged.
Appeal dismissed.
LILES, Acting C. J., and McNULTY, J., concur.